# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CIVIL ACTION NO. 5:18-cv-124-TBR

TWIN CITY FIRE INSURANCE COMPANY                    PLAINTIFF

V.

SANDS M. CHEWNING
        Serve: Sands M. Chewning
            601 South Main Street
            Hopkinsville, Kentucky 42240

and

TASHA A. ULAND
        Serve: Tasha Annette Uland
            104 Red Cedar Way
            Bowling Green, Kentucky 42104

and

WILLIAM B. ULAND
        Serve: William Burley Uland
            104 Red Cedar Way
            Bowling Green, Kentucky 42104

                                                                   DEFENDANTS

## **COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Twin City Fire Insurance Company ("Twin City"), for its Complaint for Declaratory Judgment against Defendants, Sands M. Chewning ("Chewning"), Tasha A. Uland, and William B. Uland, states as follows:

## STATEMENT OF THE CASE

This action and seeks a declaration, pursuant to 28 U.S.C. § 2201 and FRCP 57, that Twin City is not obligated to defend or indemnify Chewning for claims asserted by Tasha Uland and Will Uland[1] because they arise from the criminal act of Chewning's attempted eavesdropping[2] and/or the alleged bodily injury of Tasha Uland and Will Uland and, therefore, are excluded from coverage under the policy. Moreover, to the extent that Tasha Uland and Will Uland seek punitive damages, the policy does not provide coverage.

## PARTIES

1. Twin City is an insurance company formed under the laws of the State of Indiana with its principal place of business in Connecticut. Twin City is in the business of issuing insurance policies, including insurance policies the Commonwealth of Kentucky.

2. Sands M. Chewning is, and was at all times relevant, a citizen of the Commonwealth of Kentucky.

3. Tasha Annette Uland is, and was at all times relevant, a citizen of the Commonwealth of Kentucky and is joined herein as an interested party to be bound by the judgment of this Court.

4. Williams Burley Uland is, and was at all times relevant, a citizen of the Commonwealth of Kentucky and is joined herein as an interested party to be bound by the judgment of this Court.

## JURISDICTION AND VENUE

---

[1] As explained in more detail below, Will Uland and Tasha Uland filed suit against Sands M. Chewning and Cherie Sherrill.

[2] On September 28, 2017, Chewning entered a guilty plea to the charge of the offense of criminal attempt to commit eavesdropping, a Class A misdemeanor. A copy of the *Order on a Plea of Guilty and Final Judgment* is attached hereto as Exhibit 3.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy, as described more fully below, exceeds the sum or value of $75,000.00, exclusive of interest and cost.

6. Venue is proper pursuant to 28 U.S.C. § 1391 as the case concerns coverage under an insurance policy issued to an insured in this District.

## FACTS

7. On January 6, 2017, Chewning was indicted for: (1) complicity in criminal eavesdropping (KRS §526.020): (2) an unlawful transaction with a minor (KRS §530.065): and (3) installation of an eavesdropping device arising from Chewning's use of an electronic eavesdropping device secreted about the person of a minor in or about September 2015. A copy of the Indictment is attached hereto as Exhibit 1.

8. On or about February 7, 2017, Tasha and Will Uland filed a Complaint ("Bar Complaint") against Chewning with the Kentucky Bar Association arising out of the actions which are the subject of the January 6, 2017 Indictment.

9. On or about March 2, 2017, Tasha and Will Uland filed a Complaint against Chewning and Cherie Sherrill seeking compensatory and punitive damages arising out of the actions which were the subject of the January 6, 2017 Indictment. The action styled *Will Uland and Tasha Uland v. Sands M. Chewning and Cherie Sherrill*, Civil Action No. 17-CI-00224, is pending in Christian Circuit Court (the "Suit"). A copy of Tasha and Will Uland's Suit is attached hereto as Exhibit 2. .

10. On September 28, 2017, Chewning entered a guilty plea to the charge of the offense of criminal attempt to commit eavesdropping, a Class A misdemeanor arising from the

actions which were the subject of the Indictment, as amended. A copy of the Commonwealth's Offer on a Plea of Guilty, Chewning's Motion to Enter Guilty Plea, and Order on a Plea of Guilty and Final Judgment are attached hereto as Group Exhibit 3.

11. In the Bar Complaint, Tasha and Will Uland claimed that Chewning should not be allowed to practice law because of the actions which were the subject of the January 6, 2017 Indictment.

12. In the Suit, Tasha Uland and Will Uland seek compensatory and punitive damages and allege that Chewning's admitted criminal conduct constituted trespass, invasion of privacy, the intentional infliction of emotional distress/outrage, a violation of KRS 446.070, and tortious interference with their rights of visitation and custody.

13. Upon information and belief, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost based on the potential defense costs and indemnity benefits under the Twin City policy for Tasha and Will Uland's claims against Chewning.

14. The allegations contained in the Bar Complaint and the Suit against Chewning arise from Chewning's admitted criminal act of attempting to commit eavesdropping (KRS §526.020).

15. Twin City is currently providing a defense to Chewning to the Bar Complaint and the Suit under a full and complete reservation of rights. A copy of the April 26, 2017 and November 29, 2017 reservation of rights letters to Chewning are attached hereto as Exhibit 4.

## POLICY LANGUAGE

16. On or about May 11, 2016, Twin City issued a Lawyers' Professional Liability Insurance Policy, Policy No. LS 1620173 (the "Policy"), to Chewning & Chewning with a policy period from May 9, 2016 to May 9, 2017. A copy of said policy is attached hereto as Exhibit 5.

17. The Policy provides, in part, as follows:

### SECTION I: SCOPE OF COVERAGE

A.  **COVERAGE AGREEMENT**

We will pay on behalf of an **insured,** subject to the **limit of liability**, such **damages** and **claims expenses** in excess of the applicable deductible for **claims** made during the **policy period** or applicable **extended reporting period** and reported in writing to us immediately, but in no event later than sixty (60) calendar days after the expiration date of the **policy period** or applicable **extended reporting period**. The **damages** must arise out of a negligent act, error, omission or **personal injury** in the rendering of or failure to render **professional legal services** for others by you or on your behalf provided always that the negligent act, error, omission or **personal injury** occurs on or after the **retroactive date** as stated in the Declarations.

*See Ex. 5*, p. 1 of 10 (emphasis in original).

\* \* \* \* \* \* \*

### SECTION II: EXCLUSIONS

**EXCLUSIONS**

This insurance does not apply to **claims**:

1. Arising out of any dishonest, fraudulent, criminal or malicious act, error, omission or **personal injury** committed by, at the direction of, or with the knowledge of an **insured**. This exclusion does not apply to an **insured** who did not personally commit or personally participate in committing any of the knowingly wrongful acts, errors, omissions or **personal injury**, provided that:

   a. Such **insured** had neither notice nor knowledge of such knowingly wrongful act, error, omission or **personal injury**; and

   b. Such **insured**, upon receipt of notice or knowledge of such knowingly wrongful act, error, omission or **personal injury**, immediately notifies us.

\* \* \* \* \* \* \*

9212152v.1

    3. Arising out of **bodily injury** or property damage.

*See Ex. 5*, p. 6 of 10 (emphasis in original).

\* \* \* \* \* \* \*

## SECTION I: SCOPE OF COVERAGE

**B. DEFINITIONS**

    Whenever used in the policy:

1. **Bodily injury** means bodily injury, sickness or disease sustained by a person, including the death of any person, resulting at any time. **Bodily injury** includes anguish and emotional distress.

2. **Claim** means:

    a. A demand received by an **insured** for money or services alleging a negligent act, error, omission or **personal injury** in the rendering of or failure to render **professional legal services** for others by you or on your behalf; or
    b. Service or receipt of a suit or arbitration proceedings or any other alternative dispute resolution proceeding in which **damages** are claimed.

    \* \* \* \* \* \* \*

4. **Damages** mean compensatory damages that an insured becomes legally obligated to pay as a result of any judgment, award or settlement, provided any settlement is negotiated with our assistance and approval.

    **Damages** does not include:

    a. Any fines, sanctions or penalties, or punitive or exemplary damages;

*See Ex. 5*, pp. 1 and 2 of 10 (emphasis in original).

## SECTION II: COVERAGE EXTENSIONS

**C. DISCIPLINARY OR REGULATORY PROCEEDING COVERAGE**

    We shall pay reasonable and necessary fees, costs and expenses (but not **damages** or sanctions) incurred by an **insured** resulting from the defense of a proceeding by a regulatory or disciplinary official or agency first initiated and reported to us during the **policy period** to investigate a charge of professional misconduct in the rendering of or failure to render **professional legal services** subject to a limit of $50,000 for each **insured** and subject to a maximum limit of $100,000 per **policy**

**period**. No deductible amount shall apply to this coverage extension nor shall expenses paid under this coverage extension serve to reduce the **limit of liability**. This coverage is also subject to any exclusions of the policy and coverage defenses which might apply with respect to **claims**. In order to receive coverage under the provision, you must give us written notice prior to the end of the **policy period** and no later than thirty (30) days of receipt of any disciplinary allegation made against any **insured**.

*See Ex. 5*, p. 7 of 12 (emphasis in original).

## COUNT I
### The Exclusion for Claims Arising out of Criminal Acts Bars Coverage

18. Twin City incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

19. The Policy bars coverage for claims arising out of "any dishonest, fraudulent, criminal or malicious act, error, omission or personal injury." *See Ex. 5*, p. 6 of 10.

20. In the Suit, Tasha Uland and Will Uland make claims and seek compensatory and punitive damages arising out of Chewning's admitted criminal act.

21. There is no coverage under the Policy because Chewning's potential liability to Tasha Uland and Will Uland arises out of his admitted criminal act. Accordingly, Twin City is not obligated to defend or indemnify Chewning for the claims made in the Bar Complaint or the Suit.

## COUNT II
### The Exclusion for Claims Arising out of Bodily Injury Bars Coverage

22. Twin City incorporates and restates the allegations of Paragraphs 1 through 21 above as if fully set forth herein.

23. The Policy bars coverage for claims arising out of "bodily injury."

24. To the extent Tasha Uland and Will Uland seek damages for "bodily injury," the exclusion in the Policy bars coverage.

25. Consequently, Twin City is not obligated to defend or indemnify Chewning in the Suit to the extent Tasha Uland and Will Uland seek damages arising out of "bodily injury."

## COUNT III
### The Policy does not Provide Coverage for Punitive Damages

26. Twin City incorporates and restates the allegations of Paragraphs 1 through 25 above as if fully set forth herein.

27. The Policy does not provide coverage for punitive damages.

28. Tasha Uland and Will Uland seek punitive damages. There is no coverage under the Policy for Tasha Uland and Will Uland's claim for punitive damages.

29. Accordingly, Twin City is not obligated to defend or indemnify Chewning in the Suit for the claims for punitive damages made in the Suit.

### REQUEST FOR DECLARATORY RELIEF

30. All conditions precedent to the relief requested by Twin City have been performed or have occurred.

31. Chewning has demanded that Twin City defend and indemnify him under the Policy with respect to the claims against him in the Bar Complaint or the Suit and Twin City denies any such obligation.

32. There is an actual case and controversy existing between the parties as to whether Twin City is obligated to defend and/or indemnify Chewning for the claims made in the Bar Complaint and the Suit.

33. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and FRCP 57, this Court is vested with the power to declare the rights and liabilities of the parties and to give such other and further relief that may be necessary.

34. Twin City has no adequate remedy at law and this is a proper case for which the Court may exercise jurisdiction and declare the rights and liabilities of the parties.

WHEREFORE, Plaintiff, Twin City Fire Insurance Company, respectfully demands that judgment be entered against Defendant Sands M. Chewning, as follows:

1. Declaring that Twin City is not obligated to defend and/or indemnify Chewning for the claims against him in the Bar Complaint and the Suit; and

2. Awarding Twin City any and all other relief to which it may to be entitled.

9212152v.1

Respectfully submitted,

/s/Lindsay Meredith Gray
Lindsay Meredith Gray
Lindsay.gray@wilsonelser.com
Wilson Elser Moskowitz Edelman and Dicker LLP
100 Mallard Creek Road
Suite 250
Louisville, Kentucky 40207
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2018, I electronically filed the aforesaid document(s) with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record in this case by operation of the Court's electronic filing system and/or U.S. Mail. Parties may access this filing through the Court's system.

/s/ Lindsay Meredith Gray

9212152v.1